HAMA REALTY CO., Plaintiff, *v.* CITY OF NEW YORK et al.,
Defendants.

Supreme Court, Special Term, New York County, October 14, 1966.

*Nydick & Ross* (*Allan Ross* of counsel), for plaintiff. *J. Lee Rankin, Corporation Counsel* (*Meyer Slifkin* and *Judah Dick* of counsel), for City of New York, defendant. *Dreyer & Traub* for Brooklyn Law School, defendant. *Louis J. Lefkowitz, Attorney-General* (*Charles A. La Torella, Jr.,* of counsel), in his statutory capacity under section 71 of the Executive Law.

SIDNEY A. FINE, J. This is a motion by plaintiff for summary judgment in its favor. Cross motions for summary judgment are made by defendants, the City of New York and Brooklyn Law School. The Attorney-General of the State of New York has been permitted to intervene by consent of the other parties to this action.

The complaint contains three causes of action. Plaintiff sues as a taxpayer of the City of New York in each of them. The first cause alleges that an auction sale by the city at which Brooklyn Law School was the successful bidder violated the City Charter and the State Constitution. The second cause alleges that because a portion of the property sold will be used for educational purposes it will be exempt from taxation, thereby increasing the taxes of plaintiff and other taxpayers. The third cause complains of the threatened eviction of one Oleck from the premises.

To the extent that it is claimed that the sale violated the Charter, plaintiff's first cause of action is without merit. Chapter 584 of the Laws of 1966 expressly validates all auction sales of real property by the city to nonprofit corporations organized for educational and other purposes at which sales bidding was limited to such corporations " notwithstanding any defect, irregularity or omission of any lawful requirement or lack of statutory authority and notwithstanding any provision of the charter, code or any other law, general, special or local ". (Administrative Code of City of New York, § D51–66.10.) This statute cures any statutory defects which would, but for the statute, render the sale illegal. It is constitutional though retroactive, in the absence of a vested interest adversely affected by the retroactivity of the statute. As a taxpayer, plaintiff possesses no such vested interest.

Plaintiff's claim that the sale is invalid under the State Constitution, because it constitutes a gift of the difference between the value of the property and the amount bid by Brooklyn Law School, is also without merit. Plaintiff does not show that the value of the property, *under the restrictions subject to which it was sold,* exceeded the price paid. Indeed, since the sale was at auction, any qualified purchaser deeming the property more valuable than the amount bid by Brooklyn Law School could have put in a higher bid. The test of whether a gift was involved is whether the value of the property under the restricted terms of sale exceeded the price received, not whether its value without restrictions was more than the price (see *64th St. Residences* v. *City of New York,* 4 N Y 2d 268). The restrictions subject to which the property was offered for sale to qualified bidders were such as the city had the right to impose in the interest of civil improvement and beautification.

The contention of plaintiff that the validating statute is unconstitutional because it aids religious corporations is not one which can validly be made in connection with the sale to Brooklyn Law School which is an educational, not a religious, corporation. The other objections to the constitutionality of the validating statute are devoid of merit and require no discussion.

The city had the right to restrict the sale to certain types of bidders, and the fact that some of the property would be exempt from real estate taxation because used for educational or similar purposes does not invalidate the sale. The property in question had been tax-exempt previously, while it housed the Supreme Court, and the city was under no obligation to end the exempt status of the parcel by refraining from selling it to one who would qualify for tax exemption, complete or partial.

The cause of action based on the threatend eviction of one who is not a party to this action does not make out a good case for the plaintiff in this taxpayer's suit.

The plaintiff's motion is denied, and the cross motions are granted.